UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HOWARD CHASE,

                Plaintiff,

v.                                  **DECISION AND ORDER**
                                          02-CV-822S

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

       1.      Presently before this Court is Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (EAJA).[1] Defendant opposes Plaintiff's motion on the basis that an award of fees in this case would be unjust. For the following reasons, Plaintiff's motion is granted.

       2.      The Equal Access to Justice Act provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action [except a tort action], including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

       3.      Plaintiff brings this motion as a prevailing party under the statute. On August 16, 2004, the United States Court of Appeals for the Second Circuit remanded this case

---

[1] 20 U.S.C. § 2412.

1

for entry of judgment reversing the Commissioner's decision and remanding this case to the agency for further proceedings. Defendant does not challenge the fact that Plaintiff is a prevailing party, nor does she argue that her litigation position was substantially justified. Rather, Defendant contends that a fee award in this case would be unjust because of Plaintiff's litigation tactics.

4. Plaintiff applied for disability insurance benefits on December 21, 2000. His application was denied initially by the agency, and then by an Administrative Law Judge ("ALJ"). The Appeals Council denied review on October 8, 2002. Plaintiff filed a civil action in this Court on November 20, 2002, challenging Defendant's final decision. On October 29, 2003, this Court found that substantial evidence in the record supported the ALJ's decision. Plaintiff appealed to the Second Circuit, at which point Defendant agreed to a stipulation reversing the ALJ's decision and remanding this case to the agency. Upon receipt of the Second Circuit's mandate, this Court entered judgment consistent with the parties' stipulation. On April 18, 2005, Plaintiff moved for attorney's fees under the EAJA.

5. Plaintiff requests an award in the sum of $11,517.70. This amount includes 74.8 hours of work at the hourly rate of $153.98, $255.00 for filing fees, and $360.58 for printing costs. Plaintiff argues that because the statutory rate of $125.00 per hour was established in 1996, his counsel should be compensated at a rate of $153.98, which accounts for the increase in the cost of living since 1996. Plaintiff determined that the increase in the Consumer Price Index from 1996 to 2005 would produce an hourly rate of $153.98.

6. Defendant opposes Plaintiff's motion and argues that special circumstances render an award of attorney's fees unjust. Defendant maintains that Plaintiff failed to fully challenge the ALJ's decision at the district court level. Defendant asserts that by doing so,

Plaintiff unnecessarily protracted the final resolution of this case by allowing the litigation to continue to the Court of Appeals. Defendant also argues that the amount of time Plaintiff's counsel claims to have expended in this litigation is excessive.

7.  After carefully examining the parties' arguments, this Court finds no cause to deny Plaintiff's request for attorney's fees or to decrease the number of hours for which Plaintiff's counsel should be compensated. However, this Court finds that the statutory rate of $125.00 per hour is a sufficient fee in this case. See 28 U.S.C. § 2412(d)(2)(A).

8.  Accordingly, Plaintiff's Motion for Attorney's Fees is granted. This Court will award Plaintiff attorney's fees in the sum of $9,840.58 based upon 73.8 hours[2] at the hourly rate of $125.00. This sum also includes a reimbursement of $255.00 for filing fees and $360.58 for printing costs.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorney's Fees (Docket No. 21) is GRANTED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.


Dated:  June 24, 2005
        Buffalo, New York                    /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge

---

[2] Plaintiff's counsel's Total District Court Time, as itemized in the Declaration of Kenneth Hiller, ¶ 3, totals 32.4 hours according to Plaintiff's own Activity Log, not 33.4 hours as set forth in the moving papers.